UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ROBERT L. DYKES,

        Plaintiff,

v.

MICHAEL BROWN et al.,

        Defendants.
_____/

Case No. 2:24-cv-17

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court determines that Plaintiff's claims for injunctive relief fail to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Further, Plaintiff's claims against Defendants Washington and Brown in their respective official capacities fail to state a claim upon which relief may be granted under

28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claims for monetary damages remain in the case.[1]

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains, however, occurred at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues MDOC Director Heidi E. Washington, KCF Warden Michael Brown, and KCF Correctional Officers Billie Orsborne, Unknown Baker, Unknown King, and Unknown Newman. Plaintiff sues Defendants Washington and Brown in their respective personal and official capacities. Plaintiff sues the remaining Defendants in their personal capacities.

Plaintiff contends that Defendants violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment by causing Plaintiff to be exposed to COVID-19, placing his life at a serious risk of harm or death. Plaintiff seeks the following relief:

- a single cell, with access to a mechanical window so that he can control his own environment
- daily access to cleaning solution to clean his cell, the phone, the toilet, and all commonly used surfaces
- to be allowed to bring his meals back to his cell
- a supply of, or permission to purchase, KN95 masks to protect himself
- the placement of soap dispensers and hand sanitizer dispensers in the restroom, and outside of the activities rooms, gym, and library
- $100,000.00 in compensatory and punitive damages from each defendant

---

[1] The Court flags what will undoubtedly be a claim preclusion issues on conduct occurring before September 17, 2020; and a limitations issue on conduct occurring before December 13, 2020., both as referenced in later discussion. However, the Court declines to resolve these issues on screening.

(Compl., ECF No. 1, PageID.21–22 (paraphrased).)

Plaintiff's allegations start with the issuance of an executive order by Michigan Governor Gretchen Whitmer that closed certain places of public accommodation to slow the spread of the COVID-19 virus in March of 2020. (*Id*., Page.ID.6.) Plaintiff then repeats information from the Centers for Disease Control and Prevention website regarding the spread of the virus in correctional facilities. (*Id*., PageID.6–7.) Plaintiff also makes note of an opinion by one Dr. Goldenson explaining that incarcerated people over 50 years old are considered elderly and, thus, vulnerable to the virus. (*Id*.) Plaintiff made the same allegations in an earlier suit in this Court, Compl., *Dykes-Bey v. Washington* (*Dykes-Bey I*), No. 2:20-cv-64 (W.D. Mich.), (ECF No. 1, PageID.10–12).

Putting the allegations from *Dykes-Bey I* alongside the allegations in the present case reveals that significant portions of the complaints are identical. In both cases, Plaintiff describes the housing situation at Kinross. (Compl., ECF No. 1, PageID.9); *Dykes-Bey I*, (ECF No. 1, PageID.12). In both cases, Plaintiff complains that staff were not tested when they were coming in and out of the facility. (Compl., ECF No. 1, PageID.10), *Dykes-Bey I*, (Compl., ECF No. 1, PageID.14, 17). In both cases, Plaintiff also complains about the inadequate masks supplied by the MDOC. (Compl., ECF No. 1, PageID.10), *Dykes-Bey I*, (Compl., ECF No. 1, PageID.17).

In the present suit Plaintiff complains that the MDOC failed to provide gloves and gowns for prisoners while they were cleaning, failed to provide or refill cleaning solution bottles, and failed to provide sufficient soap and soap dispensers. (Compl., ECF No. 1, PageID.10–13.) In *Dykes-Bey I*, a multi-plaintiff case, the plaintiffs raised those issues in a proposed amendment filed on September 17, 2020, an amendment that the Court determined failed to state a claim and, for

3

that reason, the Court denied leave to amend as futile. *Dykes-Bey I*, (Mot. for Recons., ECF No. 39, PageID.290–291, 294; Op. & Order, ECF No. 43, PageID.345–347).

Plaintiff challenged this Court's determination of futility on appeal. The Sixth Circuit also found that "any amendment would be futile: even if Dykes-Bey's new factual allegations (in his motion for reconsideration) were incorporated into an amended complaint, the amended complaint would still fail to state a claim against the only defendants named in the lawsuit." *Dykes-Bey I*, No. 21-1260, 2021 WL 7540173, at *4 (6th Cir. Oct. 14, 2021). Certainly, at least for all claims raised relating to conduct occurring before September 17, 2020—the date of the proposed amendment—the two complaints raise the same claims against at least two of the same Defendants: Heidi Washington and Michael Brown.

Plaintiff's allegations against Defendant Washington do not appear to challenge conduct beyond September 17, 2020, although he does fault her for causing Plaintiff to fall ill. (Compl., ECF No. 1, PageID.19.) But Plaintiff's allegations against Defendant Brown go beyond that date. Plaintiff contends that Defendant Brown let Defendant Baker and other officers into the facility even though they showed symptoms of COVID-19. (*Id.*, PageID.14, 19–20.) It is not clear whether that occurred before or after September 17, 2020; but Plaintiff's allegations suggest that the effects of that decision were felt for the rest of the fall at KCF. Plaintiff reports that once prisoners started to test positive for the virus, Brown failed to separate them from other prisoners. (*See id.*) As a result of Brown letting COVID-19 into the facility by way of infected officers and then failing to separate sick prisoners from healthy ones, Plaintiff reports that he became infected during October of 2020. (*Id.*) And, throughout Plaintiff's stay at KCF, Plaintiff holds Brown responsible for the lack of sufficient soap, toilet paper, and cleaning solution. Plaintiff alleges that he contracted COVID-19 during October of 2020 because of all of these failings. Once Plaintiff was infected,

4

Defendant Brown also failed to transfer Plaintiff to a special facility for prisoners who tested positive. (*Id.*, PageID.16.)

Plaintiff holds Defendants Orsborne and Baker responsible for failing to provide adequate toilet paper and soap as well. Plaintiff alleges he would run out, ask for more, and they would say "no." (*Id.*, PageID.17–18, 20.) As a result, Plaintiff contracted COVID-19 in October of 2020.

Plaintiff holds Defendant Newman responsible for failing to abide by COVID-19 protocols. Plaintiff reports that Newman would not change gloves between pat downs and shakedowns. (*Id.*, PageID.18–19, 21.) As a result, Plaintiff contracted COVID-19 in October of 2020. (*Id.*, PageID.18, 21.)

Plaintiff holds Defendants Orsborne, Baker, and King responsible for denying Plaintiff's requests for refills of spray bottles of cleaning solution. (*Id.*, PageID.20.) As a result, Plaintiff contracted COVID-19 in October of 2020. (*Id.*)

Plaintiff concludes his factual allegations with the following: "Each defendants' actions did play a rol[e] in my being exposed to COVID-19, and did lead to me falling ill to the disease, and suffering irreparable harm. Thus, violating my [rights under the] Eighth Amendment to the U.S. Constitution." (*Id.*, PageID.21.)

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**III.    Claims for Injunctive Relief**

Plaintiff requests that the Court order injunctive relief such as: a single cell placement, with access to a mechanical window so that he can control his own environment; daily access to cleaning solution to clean his cell, the phone, the toilet, and all commonly used surfaces; to be allowed to bring his meals back to his cell; a supply of, or permission to purchase, KN95 masks to protect himself; and the placement of soap dispensers and hand sanitizer dispensers in the restroom, and outside of the activities rooms, gym, and library. Plaintiff alleges that Defendants'

conduct that gives rise to his requests for relief occurred during his placement at KCF from the fall of 2019 to the fall of 2021. He does not allege continuing wrongful conduct in his present placement. The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's injunctive and declaratory claims. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained). Accordingly, Plaintiff's claims for injunctive relief against Defendants Brown, Orsborne, Baker, King, and Newman will be dismissed for failure to state a claim upon which relief may be granted.

Underlying the *Kensu* rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Without an allegation of present or future injury, his claims for injunctive relief against Defendant Washington are moot as well. *Heyward v. Cooper*, 88 F.4th 648, 656 (6th Cir. 2023) (holding that requests for injunctive relief were moot because the prisoner did not allege "a present or future injury" (citing *Lyons,* 461 U.S. at 102–03)). As the *Heyward* court noted: "'[w]ithout a time machine, we cannot go back' and fix alleged wrongs" from years earlier. *Id*. (quoting *Thompson v. DeWine*, 7 F.4th 521, 524 (6th Cir. 2021)). Accordingly, the Court concludes that Plaintiff has failed to state a claim for injunctive relief against Defendant Washington upon which relief may be granted.

IV.     **Official Capacity Claims**

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438

7

U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Plaintiff sues Defendants Washington and Brown in their respective official capacities. (Compl., ECF No. 1, PageID.2.) A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592–93 (6th Cir. 1989). Because Plaintiff seeks damages from Defendants Washington and Brown in their official capacities, Plaintiff fails to allege cognizable claims under § 1983. *See Will*, 491 U.S. at 71. Therefore, Plaintiff's complaint is barred by sovereign immunity and fails to state a claim for monetary damages upon which relief may be granted against Defendants Washington and Brown in their official capacities.

An official capacity action seeking declaratory and injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity

8

when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). "If the complaint fails to 'make clear what those ongoing violations are,' the exception does not apply." *Morgan v. Bd. or Pro. Resp. of the Supreme Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023) (quoting *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017)). Plaintiff does not allege an ongoing violation of federal law by these Defendants. Therefore, any claim for injunctive relief against Defendants Washington and Brown in their respective official capacities is barred by sovereign immunity and he fails to state a claim upon which relief may be granted.

**V.     Eighth Amendment Claims**

Plaintiff's allegations suggest that the unacceptable risk he faced because the Defendants failed to protect him continued not only until it caused him to become infected with the COVID-19 virus during the fall of 2020, but beyond that as well, creating an ongoing risk of reinfection. Plaintiff makes reference to some of the conduct continuing for the duration of his stay at KCF—until October of 2021. Plaintiff's allegations are not consistent, however, in describing the timing of the conduct for which he is suing the Defendants.

On the one hand, Plaintiff alleges that he attempted to present by grievance all of the conduct that is the subject of this lawsuit on December 13, 2020. That suggests that conduct up through December 13, 2020, would be the most recent conduct of which he complains. Similarly, Plaintiff ends the description of each Defendant's misconduct with the statement that because of that misconduct he became ill with COVID-19. That occurred during October and/or November of 2020, suggesting that the wrongs of which he complains were complete by that time.

On the other hand, Plaintiff also indicates that the wrongs continued throughout the duration of his stay at KCF. For example, with regard to Defendants Orsborne, Baker, and King,

9

and the cleaning solution, Plaintiff notes that the shortages continued through October of 2021. Plaintiff again links his October 2020 infection with the COVID-19 virus with the lack of cleaning solution, but he also states, presumably with regard to shortages after his infection, that he "was exposed to reinfection . . . ." (*Id.*, PageID.17.)

With regard to Defendants Orsborne and Baker, and the toilet paper and soap, Plaintiff specifically notes that he suffered shortages of those necessities through October 2021. But it is the shortages through 2020 that "deprived [him] of mitigating measures to protect himself from COVID-19, and . . . result[ed] . . . [in him] contract[ing] COVID-19." (*Id.*) With this particular misconduct, however, Plaintiff also notes that he "felt exposed for re-infection." (*Id.*)

With regard to Defendant Newman, Plaintiff states that Newman would not change gloves and that caused Plaintiff to catch COVID-19. Plaintiff specifically references Newman's conduct through October 21, 2020. But then notes "she continued this practice for months after Oct. 2020." (*Id.*, PageID.18.)

Plaintiff's allegations against Brown and Washington follow the same pattern. Plaintiff alleges that all of their failures caused him to become infected with the COVID-19 virus during October of 2020. But he also indicates that their failures continued until he left during October of 2021. The only subsequent harm to Plaintiff, however, appears to be his fear of the risk of reinfection.

The Court concludes that, construed liberally, Plaintiff's allegations set out an Eighth Amendment claim against all Defendants based on their conduct after December 13, 2020, that exposed Plaintiff to a risk of COVID-19 reinfection. To some extent, the alleged ongoing conduct that created a risk of reinfection involves the same kind of alleged conduct that he says led to his original infection in the Fall of 2020. The Sixth Circuit Court of Appeals opinion in *Dykes-Bey I*

addressed the conduct leading to Plaintiff's original infection and affirmed this Court's dismissal of the claims against the Defendants he named in that case. *Dykes-Bey I*, 2021 WL 7540173, at *2-4.

Plaintiff's present complaint has allegations that address some of the shortfalls addressed in *Dykes-Bey I*. For example, in the earlier case, Plaintiff did not allege that KFC had enough physical space to implement social distancing, but in the present complaint he does allege that there were over 200 empty beds that could have been used to facilitate social distancing. (Compl., ECF No. 1, PageID.14, 16.) Similarly, the prior complaint did not allege that defendants knowingly housed COVID-19 positive inmates alongside Plaintiff; the present complaint does. (*Id.*, PageID.20.) Further, Plaintiff's current complaint alleges that the precautionary steps MDOC and its employee took were just a façade. He says the masks were inadequate, there was no bleach in the bathroom most of the time, there was never enough soap or toilet paper, and Brown and Washington knew it. Moreover, this time, Plaintiff has also sued the corrections officers who were directly involved in denying Plaintiff the items necessary to protect him from the risk of COVID-19 reinfection.

Plaintiff's new complaint fills in gaps in allegations that were not part of *Dykes-Bey I*, and so the Court concludes that his Eighth Amendment claim cannot be dismissed on preliminary review. There will certainly be claim preclusion issues down the road that tie back to *Dykes-Bey I*, as well as limitation issues related to conduct preceding his original infection in the Fall of 2020. But these issues are better handled after further developments in the case, rather than on screening.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Further, having conducted the review required by the PLRA, the Court determines that, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), Plaintiff has failed to state a claim upon

11

which relief may be granted with regard to the following claims: (1) Plaintiff's claims for injunctive relief; and (2) Plaintiff's official capacity claims: Plaintiff's Eighth Amendment claims against Defendants for damages remain in the case.

An order consistent with this opinion will be entered.

Dated:   March 29, 2024               /s/ Robert J. Jonker
                                      Robert J. Jonker
                                      United States District Judge