UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ROBERT L. DYKES #201541,

    Plaintiff,

v.

MICHAEL BROWN, et al.,

    Defendants.

_____/

Case No.  2:24-cv-00017

Hon.  Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R. & R.) addresses *pro se* Plaintiff state prisoner Robert L. Dykes's motion for an enlargement of time to file an appeal. (ECF No. 46.) The Sixth Circuit issued an order remanding this case "for consideration of whether Dykes's time for filing a notice of appeal should be extended." (ECF No. 51, PageID.787.) In the order, the Sixth Circuit framed the issue:

> On March 3, 2025, the district court granted the defendants' motion to dismiss Robert L. Dykes-Bey's civil action. Any notice of appeal was due to be filed on or before April 2, 2025. *See* 28 U.S.C. § 2107(a), (b); Fed. R. App. P. 4(a), 26(a). Dykes-Bey's notice of appeal is dated March 30, 2025, but was not postmarked until April 17, 2025. It was received in the district court on April 29, 2025. In a letter accompanying the notice, Dykes-Bey explains that the notice of appeal was placed in the prison mail on April 2, 2025, and provides supporting documentation of this fact. However, he acknowledges that he addressed the envelope to the wrong court and that he had to resend the notice once he received notification of the error.

(*Id.*, PageID.786.)

1

## II. Analysis

Federal Rule of Appellate Procedure 4(a)(5) allows a district court to "extend the time to file a notice of appeal" if the party seeking the extension "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). Dykes moved for an extension of time to file his notice of appeal by "asking for forgiveness for mistake." (ECF No. 46, PageID.765.) Dykes says that he mailed his notice of appeal to the Eastern District of Michigan. (ECF No. 46-1, PageID.768.) His MDOC disbursement says that he sent the notice to the wrong Court. (*Id.*) The disbursement indicates that Dykes gave his notice to a prison official for mailing on April 2, 2025. (*Id.*) He did not discover his error until the notice was returned to him. (*Id.*, PageID.769.) Dykes filed a document dated April 10, 2025, from the Eastern District of Michigan returning his Notice of Appeal. (*Id.*, PageID.769.)

Excusable neglect is "a strict standard which is met only in extraordinary cases." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 458 (6th Cir. 2014) (quoting *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)). In determining whether a party has established excusable neglect, courts look to the following five factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

2

Defendants oppose the motion to extend the deadline for the notice of appeal by arguing that Dykes cannot meet any of the five factors. Defendants assert they are prejudiced due to delay because they believed that this case was over when a timely notice of appeal was not filed by Dykes and the length of the delay was 27 days. (ECF No. 53, PageID.796.) More importantly, Defendants argue that Dykes failed to present good reasons for his delay. Dykes's only reason for submitting his notice of appeal late was because he made a mistake by submitting the documents to the wrong court. (ECF No. 46.)

Dykes admits that his failure to submit a timely notice of appeal was his own mistake. Dykes had more than enough time to review the Court's order dismissing his case and to file a proper notice of appeal. The mistake is solely his and he offers no good faith reason for his failure to submit a timely notice of appeal to this Court. Dykes is an experienced *pro se* litigant with at least 13 lawsuits to his credit. (ECF No. 1, PageID.3.) Dykes has negotiated settlements and represented himself during jury trials. He is familiar with the Court rules and procedures.

The Court acknowledges that Dykes made a mistake by sending his notice of appeal to the wrong court and the Court cannot conclude that he acted in bad faith. But the relevant factors "do not carry equal weight; the excuse given for the late filing must have the greatest import." *Proctor*, 560 F. App'x at 459 (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)). Excusable neglect does not include inadvertence or mistakes. *Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989).

It is the opinion of the undersigned that Dykes has failed to show excusable neglect and that his reason for the untimely filing of his notice of appeal fails to establish an extraordinary case where an extension of time to file a notice of appeal may be granted.  *See Choice Hotels Int'l v. Mahroom*, 2000 WL 236331, *2 (D. Md. Feb. 29, 2000) (motion to extend the time to file a notice of appeal due to clerical error mistake which caused the filing of the notice of appeal in the wrong court "falls short of the showing requiring for excusable neglect."); *see also Nicholson*, 467 F.3d at 572 ("Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 392)); *Garland v. Wells Fargo Home Mortg. Inc.*, 303 F. Supp. 3d 554, 559 (E.D. Mich. 2018) ("*pro se* litigants are not excused from failing to follow basic procedural requirements.").

### III.  Recommendation

Accordingly, it is respectfully recommended that the Court deny Dykes's motion to extend the time to file a notice of appeal.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   June 27, 2025                                         /s/ *Maarten Vermaat*
                                                               MAARTEN VERMAAT
                                                               U.S. MAGISTRATE JUDGE